AT FEBRUARY TERM, 1855.

---

### JONAH TURNER v. STEWART BEATTY ET AL.

In an action of trespass *quare clausum fregit*, the defendants pleaded (1) not guilty, and (2) *liberum tenementum* with a justification, the jury found the defendants guilty under the first plea, and not guilty under the second. It was *held*, that the findings were inconsistent; that no judgment could be rendered thereon, and a new trial was awarded.

This was an application for a new trial upon a verdict rendered at the Warren circuit. The facts upon which the application was founded appear in the opinion of the court.

The rule was argued before Justices OGDEN, POTTS, and HAINES, by Mr. *Ryerson* and Mr. *Nevius*, for plaintiff, and Mr. *Wurts*, for the defendants.

The opinion of the court was delivered by

POTTS, J. This is an action of trespass *quare claus. freg.* The plaintiff declares in two counts, for breaking and entering *a certain close of the plaintiff*, situate, &c., digging up the soil and cutting off and destroying a wooden pipe

644

and box then and there being and belonging to the said plaintiff, and used by him for conducting and conveying the water from a certain spring within the limits of said close, to the barn and dwelling house of the said plaintiff, &c., and treading down and destroying the grass, &c.

The defendants pleaded: *First*, The general issue—*not guilty*. *Second*, As to entering, &c., digging up the soil, and cutting off and destroying the pipes, &c., and diverting the water, &c., and treading down the grass, &c., they say, that the said closes in the said declaration mentioned, now are and at the several times when, &c., were *the closes, soil, and freehold of the said defendants, Stewart Beatty, &c.*, and that he, in his own right, and the said James K. Swayze, jr., David A. Beatty and Peter Danley, as his servants, and by his command, at the said times when, &c., broke and entered, &c., and *because* the soil, wooden pipes and boxes, &c., had been wrongfully and injuriously put and placed, and were at those times remaining and being *in and upon the said closes* in which, &c., encumbering the same; they entered and dug up the same, and removed the said pipes and boxes to a convenient distance from and out of the said closes, and there left the same for the use of the plaintiff, doing no unnecessary damage to the said plaintiff, as they lawfully might, &c.

The plaintiff joins issue upon the plea of *not guilty*, and replies to the second plea, that the said closes *are the closes, soil and freehold of the plaintiff, and not of the defendant Stewart Beatty*, in manner and form, &c., and on this plea the defendants join issue.

These issues having been sent down to the Warren circuit for trial, the *postea* is now returned, from which it appears, that the cause having been submitted to the jury upon the evidence, they found the defendants *guilty* on the first issue joined between the parties, and assessed the plaintiff's damages at twenty dollars; and on the second issue they found the defendants *not guilty*.

And the counsel for the plaintiff insists, that the verdict of guilty on the *general issue* being in effect a verdict

that the defendants are guilty of entering upon the lands of the plaintiff and committing the trespasses with which they are charged, necessarily involves a finding of the title in the plaintiff, and that there must, therefore, be a general judgment for the plaintiff.

On the other hand, the counsel for the defendants as strenuously contend that the verdict for the defendants upon the plea of *liberum tenementum*, is fatal to that upon the general issue, inasmuch as it establishes the justification pleaded, and that, therefore, the defendants are entitled to a general judgment.

Where the *intention* of the jury can be ascertained, there is no difficulty; the court will always mould the verdict into proper form. But if a verdict is *repugnant*, or *uncertain in a material point*, it is void.

Now here the two propositions, or parts, of this verdict are in direct conflict with each other, and there is nothing in the case, as made by the pleadings, or as disclosed in the evidence, from which we can gather with certainty the *intention* of the jury. The real contest in the cause was as to where the dividing line between the farms of the plaintiff and the defendant, Stewart Beatty, was. The plaintiff claimed that the spring, the *locus in quo*, was within the boundary of his farm; and this, Beatty denied, and claimed that the premises were within the lines of *his* farm. It was a question of boundary—of title. The defendants, it is true, produced some evidence that the trunk and pipes were originally put in by Turner under an agreement with Charles Beatty, a former owner of the defendants' farm, but that he did not comply with the terms of his agreement. The plaintiff, however, did not claim to have had them there by leave and license from the defendant or his grantor. He put himself upon his title.

The plea of *not guilty* put the *title*, as well as the fact of committing the act alleged to be a trespass, incidentally in issue. For the defendants were at liberty under that plea to prove either that they did not commit the act, or that the title to the *locus in quo* with the right of immediate posses-

sion was in them, or in one of them, or that they, or one of them, had at the time of the trespass the rightful possession of it. And, therefore, we are bound to infer from the finding of the jury that the defendants were *guilty* under this issue—that the trespass was proved—and that the land was not the freehold of the defendants, or of either of them, or not in the rightful possession of them, or either of them, at the time.

The plea of *liberum tenementum*, not only put the title directly in issue—it did more: it set up title by way of a *justification* of the act alleged to be a trespass. And the defendants to maintain it on their part, were bound to show that the freehold was in themselves, or a third party, by whose command they entered, either by direct or presumptive evidence of such a title as operated *as a justification;* and we are bound to infer from the finding of the jury in favor of the defendants on this issue, that they did so, and if they did so it was a complete answer to the action, and they were, in fact, *not guilty* of the alleged trespass.

The verdict must be set aside and a new trial ordered—the costs to abide the event of the suit. This disposes of the case for the present, for it would be improper for us under these circumstances, to look into the other question so elaborately argued, as to which party was entitled to the verdict upon the weight of evidence. That question must be again referred to the appropriate tribunal for a solution.

OGDEN and HAINES, J., concurred.